Filed 4/9/26  P. v. Patino CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B341520 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. PA056134-02) |
| v. | |
| BONIFACIO PATINO, | |
| Defendant and Appellant. | |

THE COURT:

Bonifacio Patino appeals from the denial of his petition for resentencing under Penal Code section 1172.6[1] (former § 1170.95).[2]  Patino's appointed counsel found no arguable issues

_____

[1]     All further statutory references are to the Penal Code.

[2]     Effective June 30, 2022, former section 1170.95 was renumbered section 1172.6, with no change in text.  (Stats. 2022, ch. 58, § 10.)  For simplicity, we refer to the section by its new numbering.

and filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). In his supplemental brief, Patino argues that the jury could not have found that he acted with the "state of mind" required for an attempted murder conviction. Neither the record nor the law supports Patino's argument. We affirm.

## BACKGROUND

In 2006, Patino and David Ernesto Sanchez (Sanchez) were charged with three counts of willful, deliberate, and premeditated attempted murder (§§ 187, subd. (a), & 664), three counts of assault with a semiautomatic firearm (§ 245, subd. (b)), and one count of shooting at an inhabited dwelling (§ 246). As to the attempted murder charges, the information alleged that a principal—namely, Sanchez—personally used and intentionally discharged a firearm. The information also alleged that all seven offenses "were committed for the benefit of, at the direction of, or in association with a criminal street gang[.]" (§ 186.22, subds. (b)(1)(C) & b(4).)

A jury convicted Patino as charged and returned true findings on all the allegations. Patino was sentenced to an aggregate term of life plus 60 years.

In 2023, Patino filed a petition for resentencing under section 1172.6. The trial court appointed counsel and received briefing.

At a contested hearing, the trial court denied the petition. The court found that Patino was convicted of willful, deliberate, and premeditated attempted murder as a direct aider and abettor, which required the jury to find that he harbored specific intent to kill the victim. "[N]o natural and probable consequence[ ] [instruction] w[as] given." Accordingly, Patino did

2

not make "a prima facie showing that [he] [wa]s entitled to relief."

Patino timely appealed. His appointed counsel filed a brief raising no issues and asking this court to exercise its discretion to independently review the record. (*Delgadillo*, *supra*, 14 Cal.5th at pp. 231–232.) We sent a notice to Patino inviting him to "submit a supplemental brief or letter stating any grounds for an appeal, or contentions, or arguments that [he] wishes this court to consider," and advising that "[i]f no supplemental brief or letter is timely filed the court may dismiss the appeal as abandoned." Patino timely filed a supplemental brief.

## DISCUSSION

Per *Delgadillo*, we decline counsel's invitation to undertake an independent review, and evaluate only the arguments made in Patino's supplemental brief. (*Delgadillo*, supra, 14 Cal.5th at p. 232 ["If the defendant . . . files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion"].)

Patino argues that "the jury was never instructed on [m]alice so it[']s impossible to determine what [his] state of mind was. This was shown during deliberations when the[] [jury] sent questions to the judge inquiring about intent and the attempted murder. Under current law, [the] conviction must be vacated."

Patino's argument fails in three respects. First, jury instructions need not contain the word "malice" to charge the jury with judging a defendant's state of mind. Malice is a legal term of art statutorily defined as "intent to do a wrongful act." (§ 7, subd. (b)(4).) Although Patino's jury was not specifically instructed on "malice," it was given several instructions on

3

intent. These included that (1) to convict Patino of attempted murder, the jury must find that he "intended to kill" the victim; (2) the jury could find Patino guilty as an aider and abettor only if the prosecution proved that Patino "intended to aid and abet the perpetrator in committing the crime"; and (3) to find Patino guilty of willful, deliberate, and premeditated attempted murder, the jury had to find that Patino "intended to kill when he acted." These instructions not only made it "possible" for the jury to judge Patino's state of mind, but *required* it to do so.

Second, the appellate record contains—and Patino cites—no evidence that the jury asked questions about "intent and the attempted murder." (See *People v. Hoyt* (2020) 8 Cal.5th 892, 939 ["[B]y failing to support his appellate arguments with record citations, [a] defendant . . . forfeit[s] any claim of error on appeal."].)

Lastly, vacation of Patino's conviction is not required by law. Per section 1172.6, subdivision (a)(1), a person convicted of attempted murder is not eligible for resentencing relief unless his conviction was obtained "under the natural and probable consequences doctrine." As the trial court noted, Patino's jury was not instructed on that doctrine. Instead, he was convicted of attempted murder as a direct aider and abettor. (*People v. Coley* (2022) 77 Cal.App.5th 539, 548 ["[d]irect aiding and abetting remains a valid theory of attempted murder after the enactment of" section 1172.6].) The cases Patino cites to the contrary are inapposite. (See, e.g., *People v. Reyes* (2023) 14 Cal.5th 981, 988–990 [evaluating whether a person convicted of *murder* as an *indirect* aider and abettor is entitled to resentencing relief].)

4

Because Patino has not identified any error in the trial court's ruling, we affirm the order denying his section 1172.6 petition.

**DISPOSITION**

The order is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

_____

LUI, P. J.                    CHAVEZ, J.                    GILBERT, J.*

_____

*        Retired Presiding Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.